IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVIN R. SIMMONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-1457 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| AAA EAST CENTRAL | ) | |
| CENTURY III OFFICE | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, this case will be dismissed, with prejudice, *sua sponte*, pursuant to the provisions of 28 U.S.C. § 1915, as being frivolous, and for failing to state a claim on which relief may be granted.[1]

Plaintiff Alvin R. Simmons, Jr., ("Plaintiff") is a detainee who currently is being held at the Northeast Ohio Correctional Center in Youngstown, Ohio. Plaintiff brings the instant cause of action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging deprivations of his rights under the Fourth, Fifth and Sixth Amendments to the Constitution of the United States. (Doc. 5 at 2). Specifically, Plaintiff alleges that, on or about April 26, 2012, while at the offices of a AAA travel agency in Pittsburgh, Pennsylvania, he was solicited for sex by a AAA

---

[1] Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on October 17, 2012. See Text Order of Oct. 17, 2012. As a result, it is proper to analyze his complaint under the screening provisions of 28 U.S.C. § 1915, which require a court to dismiss, *sua sponte*, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See, e.g., Stackhouse v. Crocker, 266 F. App'x. 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under this section 1915 is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009).

1

employee in exchange for some "Disney tickets[.]" Id. at 2-3. Plaintiff claims that, due to this "mental ordeal[,]" he is entitled to damages in excess of $75,000, as well as legal fees. Id. at 3.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements: first, the alleged misconduct giving rise to the cause of action must have been committed by a person acting under color of state law; and second, the defendant's conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). Here, it is not alleged that Defendant AAA is a state actor – and indeed, given Plaintiff's explicit allegations that Defendant AAA is a travel agency where one might purchase "Disney tickets[,]" any conclusion to the contrary would be ludicrous. As such, his claims under Section 1983 fail, and they will be dismissed. Moreover, as it is clear, for the reasons stated above, that any leave to amend would be futile, dismissal will be with prejudice. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

Given Plaintiff's explicit statement that this cause of action is based on alleged violations of his civil rights, see (Doc. 5 at 2), the above analysis would seem to be dispositive of the entirety of this case. However, the pleading requirements for *pro se* litigants are more liberal than those for filings drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, out of an abundance of caution, this Court will attempt to torture a state law claim for intentional infliction of emotional distress out of Plaintiff's allegations, and briefly examine its viability.[2]

---

[2] Such an analysis presumes the existence of diversity jurisdiction. As stated above, Plaintiff is detained at a correctional facility in Youngstown, Ohio; but this fact is not dispositive of whether (continued. . .)

In order to succeed on a claim for intentional infliction of emotional distress under Pennsylvania law, Plaintiff must show that Defendant, by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress. See McCluskey v. United States, No. 10-694, 2010 WL 4024717, at *4 (W.D. Pa. Oct. 12, 2010) (quoting Restatement (Second) of Torts § 46); see also Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000). Pennsylvania law defines outrageous conduct as that which is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1123 n.5 (Pa. Super. 2004) (quoting Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998)). Additionally, a plaintiff attempting to assert such a claim under Pennsylvania law also must allege that he suffered "some type of resulting physical harm due to the defendant's outrageous conduct." Reeves, 866 A.2d at 1122-1123 (citing Fewell v. Besner, 664 A.2d 577, 582 (Pa. Super. 1995)).

Here, Plaintiff's allegations lack both of these elements. First, Defendant's alleged act of soliciting Plaintiff for sex in exchange for "Disney tickets" simply lacks the outrageous character necessary to state a claim for intentional infliction of emotional distress. Compare Hoy, 720 A.2d at 754 (listing as examples which state a claim for this tort as: "striking and killing plaintiff's son with automobile, and after failing to notify authorities or seek medical

---

he is a citizen of that state. See Pierro v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010) (citing Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972)). ("[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment," unless the prisoner has a bona fide intent to remain in the state of incarceration or release). A brief search for Plaintiff on this Court's electronic filing system returns a multitude of cases filed by him that would suggest that he is a citizen of Pennsylvania. Compare, e.g., Civil Action Nos. 11-302, 11-1628 and 12-37; see also Criminal Action No. 10-85. As to Defendant, the complaint contains no allegations regarding its domicile, other than to indicate that it has offices in Pittsburgh, Pennsylvania.

assistance, [burying the] body in a field where [it is] discovered two months later and returned to parents[;]" "fabricat[ing] records to suggest that plaintiff had killed a third party which led to plaintiff being indicted for homicide[;]" and where a "physician released to press information that plaintiff was suffering from fatal disease, when physician knew such information was false"); cf. Denton v. Silver Stream Nursing and Rehab. Ctr., 739 A.2d 571, 577 (Pa. Super. 1999) (noting that death threats by a coworker, who was found to be in possession of a firearm at work, stated a claim for intentional infliction of emotional distress). Additionally, while Plaintiff describes his alleged experiences in Defendant's offices in Pittsburgh as a "mental ordeal[,]" he fails to allege any sort of physical manifestation of the emotional harm that he allegedly suffered at the hands of Defendant.[3] Without the existence of physical symptoms accompanying Plaintiff's alleged emotional distress, Plaintiff fails to state a claim of intentional infliction of emotional distress against Defendant. See Corbett v. Morgenstern, 934 F. Supp. 680, 684-85 (E.D. Pa. 1996) (citing Love v. Cramer, 606 A.2d 1175, 1179 (Pa. Super. 1992), app. denied 621 A.2d 580 (Pa. 1992) (Table)). Given the utter deficiency of this legal claim, it is clear that leave to amend would be futile, and dismissal will be with prejudice.

    AND NOW, this 19th day of October, 2012,

    IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 1915, Plaintiff's complaint is DISMISSED with PREJUDICE as frivolous, and for failing to state a claim on which relief may be granted.

---

[3] The undersigned notes that reading even allegations of emotional harm into Plaintiff's complaint requires a significant logical leap.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE


cc:
**ALVIN R. SIMMONS, JR.**
06144-068
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505